## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

BILLIOR DESIR,

                Plaintiff,

vs.

NATIONAL CREDIT ADJUSTERS, LLC,

                Defendant.

_____/

### COMPLAINT

**COMES NOW,** the Plaintiff, BILLIOR DESIR, by and through undersigned counsel, and brings this action against the Defendant, NATIONAL CREDIT ADJUSTERS, LLC ("NCA"), and as grounds thereof would allege as follows:

### INTRODUCTION

1.      This is an action brought by a consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2.      The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

3.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4.      Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

5.      Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7.      At all times material hereto, Defendant, NCA was and is a foreign corporation, incorporated under the laws of the State of Kansas, duly licensed to transact business in the State of Florida, and lists its registered agent as Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

8.      At all times relevant to this Complaint, NCA, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

9.      At all times relevant to this Complaint, NCA, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

10.     At all times relevant to this Complaint, NCA, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

11.     At all times relevant to this Complaint, NCA, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

12.     Upon information and belief, the primary function of NCA's business is to collect

payment on delinquent accounts.

13.     Upon information and belief, NCA, became responsible for collecting payments on the subject debt after it was allegedly already in default.

14.     Upon information and belief, NCA, was only hired to attempt to collect upon the disputed debt.

15.     At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

16.     At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

17.     On June 17, 2015, Plaintiff filed a petition for Chapter 13 bankruptcy pursuant to Title 11 of the United States Code in the United States Bankruptcy Court in and for the South District of Florida, bearing case number 15-20978-AJC (the "Bankruptcy").

18.     A true and correct copy of the Bankruptcy petition is attached hereto as Exhibit "A".

19.     On June 26, 2015, NCA filed a Proof of Claim in the Bankruptcy ("Proof of Claim").

20.     A true and correct copy of the Proof of Claim is attached hereto as Exhibit "B".

21.     In the Proof of Claim, NCA states that it is seeking $2,701.44 for "Money Loaned" (the "Debt").

22.     Along with the Proof of Claim is a Proof of Claim Account Summary ("Account Summary").

23.     A true and correct copy of same is attached hereto as Exhibit "C".

24.     The Account Summary indicates that the last date a payment was made on the Debt was August 28, 2008, nearly seven years ago.

25.     The Account Summary indicates that the charge-off date is February 27, 2009.

26.     Per Florida Statutes § 95.11, the statute of limitations period for a "legal or equitable action on a contract, obligation, or liability founded on a written instrument" is five years. If the Debt was "not founded on a written instrument", the statute of limitations period is four (4) years.

27.     The statute of limitation period has run for NCA to collect on the Debt.

28.     NCA was aware that the statute of limitations period has run based on the dates listed on the Account Summary.

29.     Thus, NCA has violated the FDCPA and FCCPA.

**COUNT I-VIOLATION OF FDCPA: 15 USC 1692e**

30.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

31.     15 U.S.C. §1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

*TL-9248*                                                                                          *v.2*

15 U.S.C. § 1692e

32.     The filing of a time-barred Proof of Claim is a false representation or deceptive means to collect or attempt to collect a debt as NCA was barred from collecting on the Debt through a legal proceeding. *See* Crawford v. LVNV Funding, LLC, 758 F.3d 1254 at *1261 ("LVNV's filing of the proof of claim fell well within the ambit of a "representation" or "means" used in "connection with the collection of any debt." It was an effort "to obtain payment" of Crawford's debt "by legal proceeding.").

33.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

34.     As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

35.     Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

36.     As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

## COUNT II-VIOLATION OF FDCPA: 15 USC 1692f

37.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

38.     15 U.S.C. §1692f states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*TL-9248*                                                                                          *v.2*

> (1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1)

39.     The filing of a time-barred Proof of Claim is an unfair or unconscionable means to collect or attempt to collect a debt. NCA was barred from collecting on the debt through a legal proceeding.

40.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692f.

41.     As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

42.     Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

43.     As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

**COUNT III-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)**

44.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 29.

45.     Florida Statutes § 559.72(9) states:

> "In collecting debts, no person shall…
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

46.     The filing of the time-barred Proof of Claim is the assertion of a legal right which NCA knows that the right does not exist. NCA knows that the statute of limitations has run and thus it would be barred from filing a legal action against Plaintiff to recover the money allegedly owed.

47.     Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

48.     As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

49.     Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

50.     As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, BILLIOR DESIR, respectfully asks this Court to enter an order granting judgment for the following:

(a) That NCA be required to withdraw its Proof of Claim from the Bankruptcy;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k, and Florida Statutes § 559.77(2); and

(c) Such other relief to which this Honorable Court may deem just and proper.

TL-9248                                                                                                        v.2

## DEMAND FOR JURY TRIAL

Plaintiff, BILLIOR DESIR, hereby demands a trial by jury of all issues so triable.


Respectfully Submitted,

 /s/ Aaron Silvers
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:      (954) 523-4357
Facsimile:      (954) 581-2786